## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-22324-CIV-LENARD

HEDUWAR DALI COLMENARES MENA,
a/k/a HEDUWAR D. COLMENARES, and all
others similarly situated under 29 U.S.C. § 216(b)

       Plaintiff,

v.

MIGAR CORPORATION, d/b/a LUIS
GALINDO LATIN AMERICAN #2 and
ALBERTO ELIAS,

       Defendants.

_____/

## MOTION TO ENFORCE SETTLEMENT AGREEMENT
## AND MOTION FOR ATTORNEYS' FEES

Defendants, MIGAR CORPORATION, d/b/a LUIS GALINDO LATIN AMERICAN #2 and ALBERTO ELIAS (hereinafter referred to jointly as "Defendants") by and through their undersigned counsel, file herewith their Motion to Enforce Settlement Agreement and for Attorneys' Fees, and as grounds therefore state the following:

### FACTS

1.     Plaintiff is a former employee of Defendants, and filed the instant action for alleged failure to pay minimum wages and overtime wages.

2.     Plaintiff was previously represented by Julia M. Garrett, Esq. and Defendants were previously represented by Humberto Cancio, Jr., Esq.

3.     On or about July 2, 2015 Plaintiff and Defendants (through their respective counsel) engaged in settlement negotiations. See Affidavit of Humberto Cancio, Jr., Esq. attached hereto as **Exhibit "A"**.

4.      On July 2, 2015 Plaintiff's then counsel, Julia M. Garrett, Esq., provided Defendants with a Statement of Claim, wherein Plaintiff is claiming the amount of $22,367.52 in half-time overtime and $7,660.64 in Florida minimum wages (for a total of $30,028.16).  A copy of the Statement of Claim is attached hereto as **Exhibit "B"**.

5.      Defendants' counsel verbally offered Plaintiff the total sum of $25,000.00 as full and final settlement of his claim, including attorneys' fees.

6.      Plaintiff accepted the $25,000.00 offer, and later reneged on his acceptance, resulting in his then attorney's withdrawal from the case.

7.      Plaintiff's former counsel sent an email to Defendants' former counsel on July 21, 2015 which states, "after accepting the settlement Defendant offered, our client *changed his mind* …" A copy of the July 21, 2015 email is attached hereto as **Exhibit "C"**.

8.      Plaintiff retained new counsel, and is now claiming additional damages.

9.      Defendants seek to enforce the settlement agreement previously agreed to by the parties.

10.     Defendants have been forced to incur additional attorneys' fees and costs as a result of Plaintiff reneging on the parties' settlement agreement.

## MEMORANDUM OF LAW

### I.      Motion to Enforce Settlement Agreement

The Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources." *Enriquez v. Williams*, **2010 U.S. Dist. LEXIS 94308 (M.D. Fla., Sept. 10, 2010); *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483 (11th Cir. 1994).** Because this settlement agreement is between two private parties, federal common law does not apply. *Resnick v. Uccello Immobilien GMBH, Inc.*, **227 F.3d 1347, 1350 (11th Cir. 2000).** Federal courts generally rely on state law principles in determining whether to enforce a settlement

agreement in a federal case. *Saettele v. Maronda Homes, Inc. of Florida*, **438 Fed. Appx. 749 (11ᵗʰ Cir. 2011);** *Hayes v. National Service Industries*, **196 F.3d 1252 (11ᵗʰ Cir. 1999);** *Chem. Bank v. First Trust of N.Y. (In re Se. Banking Corp.)*, **156 F.3d 1114, 1121 (11th Cir. 1998)** (quoting *Mastrobuono v. Shearson Lehman Hutton, Inc.*, **514 U.S. 52, 60 n.4, 115 S. Ct. 1212, 1217 n.4, 131 L. Ed. 2d 76 (1995)).** Florida courts also favor enforcement of settlement agreements whenever possible. *Robbie v. City of Miami*, **469 So. 2d 1384, 1385 (Fla. 1985).**

   The law of contracts governs the construction and enforcement of settlement agreements. *Resnick v. Uccello Immobilien GMBH, Inc.*, **227 F.3d 1347, 1350 (11th Cir. 2000);** *Hayes v. National Service Industries*, **196 F.3d 1252 (11ᵗʰ Cir. 1999);** *Crosby Forrest Products, Inc. v. Byers*, **623 So. 2d 565, 567 (Fla.Dist.Ct.App. 1993);** *Schwartz v. Florida Bd. of Regents*, **807 F.2d 901, 905 (11th Cir. 1987);** *Blum v. Morgan Guaranty Trust Co. of New York*, **709 F.2d 1463 (11th Cir.1983).**   Florida contract law principles apply to determine whether a binding settlement agreement was reached using a preponderance of the evidence standard. *Welch v. North Am. Tank Line, Inc,* **2008 U.S. Dist. LEXIS 64879, 2008 WL 3982394 *2-3 (M.D. Fla. Aug. 25, 2008)(citations omitted).**

   Under Florida law, the authority of an attorney to represent a party in litigation extends to negotiations for settlement, and in some contexts a settlement agreement entered into by an attorney is enforceable against the party. *Rushing v. Garrett*, **375 So. 2d 903 (Fla. 1ˢᵗ DCA 1979).** But a "party seeking to enforce a settlement agreement bears the burden of showing that the attorney proposing the settlement had the clear and unequivocal authority from his client to do so." *Hamilton v. Fla. Power & Light Co.*, **48 So. 3d 170, 171-72 (Fla. 4th DCA 2010);** *see also* *Murchison v. Grand Cypress Hotel Corp.*, **13 F.3d 1483, 1485-87 (11th Cir. 1994)** (applying Florida's "clear and unequivocal authority" standard).

A settlement agreement entered into by an attorney is enforceable when it has been determined that the attorney was given "clear and unequivocal" authority by the client to compromise the claim. *Dixie Operating Co. v. Exxon*, 493 So. 2d 61 (Fla. 1st DCA 1986). *Vantage Broadcasting Company v. WINT Radio, Inc.*, 476 So. 2d 796 (Fla. 1st DCA 1985); *Nehleber v. Anzalone*, 345 So. 2d 822 (Fla. 4th DCA 1977). In this case, the parties engaged in protracted settlement negotiations through their respective counsel. Defendants ultimately offered $25,000.00 as full and final settlement of Plaintiff's claim, including attorneys' fees. This offer was communicated to Plaintiff's counsel, who later indicated to Defendants that her client had accepted the offer.

There is no question that Plaintiff's counsel had clear and unequivocal authority to settle Plaintiff's claim. She represented to Defendants that she had her client's authority to engage in such settlement negotiations. This authority is evidenced by the fact that Plaintiff did, indeed, accept the offer that she communicated to him. In her July 21, 2015 e-mail **(Exhibit "C")** Plaintiff's counsel indicated that her client had, in fact, accepted Defendant's offer. But then she goes on to say that he had "changed his mind". Logic dictates that if Plaintiff had not given his attorney authority to negotiate on his behalf he would not have accepted an offer that had been procured through such unauthorized negotiations. His very acceptance of the offer therefore serves as evidence of his attorney's clear and unequivocal authority to negotiate the claim, to procure, and ultimately accept, such an offer.

The fact that Plaintiff later "changed his mind" is irrelevant so long as his attorney has the apparent authority to settle the case, which she did. *Hayes v. National Service Industries*, 196 F.3d 1252 (11th Cir. 1999). In *Hayes v. National Service Industries*, Plaintiff sued Defendant alleging wrongful discharge from her employment as a sales representative. The attorneys for the two parties settled the case. Plaintiff later rejected the settlement, and Defendant filed a motion to enforce the

settlement agreement. The Magistrate Judge found that Plaintiff's attorney had apparent authority, and in fact believed he had actual authority, to settle the case. The Magistrate found that "the terms of the settlement were clear; plaintiff only contend[ed] that she did not consent", but noted that such issue was "irrelevant so long as her attorney has the apparent authority to settle her case. Plaintiff filed her objections to the report, claiming that she did not give her attorney the authority to settle the case on her behalf. The district court overruled Plaintiff's objections, and adopted the report and recommendation, specifically agreeing that Plaintiff's attorney had "apparent, if not actual, authority" to settle Plaintiff's claims. Defendants' motion to enforce was granted and Plaintiff's complaint was dismissed. As in **_Hayes_**, the settlement agreement between Plaintiff and Defendants herein must be enforced.

If parties to a litigation are permitted to renege on agreements previously made, it would make a mockery of the legal system. The court "cannot allow a litigant to attack the integrity of the settlement process by attempting to recharacterize the focus of his litigation after he decides he is unhappy with the settlement." **_Murchison v. Grand Cypress Hotel Corp._, 13 F.3d 1483, 1486 (11th Cir. 1994).**

Plaintiff provided his attorney with clear and unequivocal authority to settle his claim, agreed to the settlement, and later reneged. Under these circumstances, the settlement agreement must be enforced.

## II.      Motion for Attorneys' Fees

The Court has held as a general rule in the United States that litigants must pay their own fees, unless a litigant has proceeded in bad faith or a relevant statute provides for fee shifting. **_Keesee v. Bank of America_, 371 F.Supp.2d 1370, 1375 (M.D. Fla. 2005),** citing **_Christiansburg Garment Co. v. EEOC_, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978).** The Court held that a Title VII defendant may recover fees "if a plaintiff's claim proves

frivolous, unreasonable, or groundless, or the plaintiff continued to litigate *after the claim clearly became so.*" (*Emphasis added*). *Keesee* **at 1375,** *citing Christiansburg* **at 417-22.** If or when a plaintiff's claim *or continued litigation* warrants liability for a defendant's attorney's fees is an issue that *Christiansburg* puts to district-court discretion. *(Emphasis added).* **Id. at 423-24.** In exceptional circumstances a defendant can recover attorney's fees when the plaintiff brings a suit in bad faith. *See Turlington v. Atlanta Gas Light Co.,* **135 F.3d 1428, 1437 (11th Cir. 1998)** (noting that "this court has held that the FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith"). Defendants are entitled to fees because Plaintiff has vexatiously continued to litigate the case even after the same had been settled, after which his lawsuit became a frivolous one. Plaintiff's continuation of the lawsuit after the same had been settled is so egregious that it is tantamount to bad faith.

No controlling Eleventh Circuit standard exists regarding the ability to collect attorneys' fees for compelling the enforcement of a final settlement agreement in an FLSA case, but courts have looked to two factors in deciding whether a plaintiff is entitled to attorneys' fees in such circumstances: (1) whether Defendant's position is based on a frivolous argument and (2) whether Plaintiff's efforts to compel the enforcement of a settlement agreement were necessary. *Carpaneda v. Quayside Place Partners, LLP.,* **2010 U.S. Dist. LEXIS 67862 (S.D. Fla. July 6, 2010);** *See DiFrancesco v. Home Furniture Liquidators, Inc.,* **2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009).** After he agreed to settle the case for $25,000.00, Plaintiff "changed his mind" and decided to continue litigating the case, forcing Defendants to incur additional fees and costs despite the fact that case was settled. This was a frivolous position that forced Defendants to compel enforcement of the Settlement Agreement, and to incur additional fees and costs. Defendants are therefore entitled to attorneys' fees incurred from the date of the settlement forward.

WHEREFORE, based upon the foregoing, it is respectfully requested that this Court enter its Order Granting Defendants' Motion to Enforce Settlement and for Attorneys' Fees, and grant any further relief that this Court deems just and adequate.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon Jason S. Remer, Esq., Anthony M. Georges-Pierre, Esq., Remer & Georges-Pierre, PLLC., Court House Tower, 44 W. Flagler St., Suite 2000, Miami, FL 33130. and J.H. Sidell, P.A. 300 71st St #605, Miami, FL 33141 on this 27th day of August, 2015.

> Law Office of Pelayo Duran, PA.
> 4640 NW 7th St.
> Miami, FL 33126
> (305) 266-9780
> (305) 269-8311 Facsimile
> Pleadings@pelayoduran.com
> Assistant@pelayoduran.com
>
> */s/ Pelayo M. Duran*
> Pelayo M. Duran, Esq.
> Florida Bar No. 0146595

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-22324-CIV-LENARD

HEDUWAR DALI COLMENARES MENA,
a/k/a HEDUWAR D. COLMENARES, and all
others similarly situated under 29 U.S.C. § 216(b)

      Plaintiff,

v.

MIGAR CORPORATION, d/b/a LUIS
GALINDO LATIN AMERICAN #2 and
ALBERTO ELIAS,

      Defendants.

_____/

### AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE
### SETTLEMENT AGREEMENT
### AND MOTION FOR ATTORNEYS' FEES

Defendants, MIGAR CORPORATION, d/b/a LUIS GALINDO LATIN AMERICAN #2 and ALBERTO ELIAS (hereinafter referred to jointly as "Defendants") by and through their undersigned counsel, file herewith this Affidavit in Support of Defendant's Motion to Enforce Settlement Agreement and for Attorneys' Fees, and states:

1. My name is Humberto Cancio Jr., and I am over the age of 18.

2. I have personal knowledge of the facts contained in this affidavit.

3. I am an Attorney in the State of Florida (Florida Bar Number 260142).

4. I have represented Migar Corporation for more than ten (10) years in various matters.

5. On or about June 29, 2015 I reviewed a letter dated July 19, 2015 which Migar Corporation received from Elizabeth O. Heuber, Esq. from the lawfirm of J.H. Zidell, P.A., on behalf of Heduwar Dali Colmenares Mena, Claimant. (See Exhibit 1 hereto).



6. The letter consisted of a statutory notice for unpaid minimum wages, and a demand for $3,830.32.

7. On or about July 2, 2015 I called Mr. Zidell's office, and spoke with Julia M. Garrett, Esq., at which time I offered the amount of $2,500.00.

8. During that initial telephone conversation with Ms. Garrett, she informed me that, in addition to his claim for minimum wages which was the subject matter of the demand letter, Plaintiff also had a claim for unpaid overtime.

9. After learning of the additional alleged claim for unpaid overtime, I inquired as to the amount of such claim.

10. On July 2, 2015 I received an email from Ms. Garrett wherein she invited us to make an offer "north of $27,500, inclusive of fees and costs." (See Exhibit 2 hereto).

11. I responded to Ms. Garrett's July 2, 2015 email on the same date, by requesting the calculations for her demand. (See Exhibit 3 attached hereto).

12. Ms. Garrett responded via e-mail on July 2, 2015 by providing me with a Statement of Claim showing her calculations. (See Exhibit 4 attached hereto).

13. The Statement of Claim demanded $30,028.16. (See Exhibit 5 attached hereto).

14. During the next two weeks Ms. Garrett and I engaged in ongoing verbal negotiations.

15. During a telephone conversation with Ms. Garrett on July 17, 2015, I made a good faith offer of $25,000.00 on behalf of my client, as full and final settlement of Plaintiff's claim, inclusive of fees and costs.

16. Ms. Garrett later verbally accepted this offer on behalf of her client.

17. The $25,000.00 settlement was for an amount that was very close to Plaintiff's counsel's original demand (as set forth in Ms. Garrett's July 2, 2015 email).

18. I reduced the agreement to writing in an e-mail to Ms. Garrett dated July 17, 2015. (See Exhibit 6 attached hereto).

19. The amount of the settlement, as conveyed in my July 17, 2015 email, did not deviate from the amount which I had conveyed to Ms. Garrett on the telephone, and which she accepted.

20. Ms. Garrett responded with an e-mail on July 17, 2015 indicating that her client did not agree that the terms of my July 17, 2015 email "accurately reflected his demand". (See Exhibit 7 attached hereto).

21. When I called Ms. Garrett to determine the manner in which my July 17, 2015 email deviated from the terms of Plaintiff's demand, she indicated that the settlement should only include the claims involved in the litigation.

22. I agreed to limit the settlement to include only the claims involved in the litigation, and asked her to include that language in the Release.

23. At this time, it was our good faith belief that all pending claims had, in fact, been settled.

24. On July 21, 2015 I received a telephone call from Ms. Garrett wherein she indicated that "after accepting the settlement Defendants offered" her client had "changed his mind" and was now rejecting the offer.

25. The July 21, 2015 telephone conversation was confirmed by an e-mail from Julia M. Garrett, Esq. on the same date. (see Exhibit 8 attached hereto).

26. At all times material hereto, my client and myself made it known that it was our wish not to litigate this matter, and that a reasonable offer would be contemplated and made or accepted.


FURTHER AFFIANT SAYETH NAUGHT


_____
HUMBERTO CANCIO JR.

State of Florida           )

                           ) ss.

County of Miami-Dade       )

SWORN TO AND SUBSCRIBED before me on this __27th__ day of August, 2015 by Humberto Cancio Jr., who is personally known by me or who produced __Driver's license__ as identification.

_____
NOTARY PUBLIC, State of Florida
At Large

My Commission Expires:



MARISOL PEREZ
MY COMMISSION # FF 122772
EXPIRES: June 29, 2018
Bonded Thru Notary Public Underwriters



STATE & FEDERAL
COURT PRACTICE

CITY NATIONAL BANK BLDNG.
300 71ST. SUITE 605
MIAMI BEACH, FL 33141
TEL (305) 865-6766
FAX (305) 865-7167

June 19, 2015

*Sent via USPS certified tracking #:*
7012 2920 0001 4324 9598

MIGAR CORPORATION, d/b/a LUIS GALINDO LATIN AMERIAN #2
Registered Agent: Brito & Brito Accounting Inc
407 Lincoln Rd STE 9A
Miami Beach, FL 33165

**Re:**   HEDUWAR DALI COLMENARES MENA

Dear Registered Agent,

Please be advised that the law firm of J.H. Zidell, P.A. represents Heduwar Dali Colmenares Mena ("Mr. Colmenares Mena"). Mr. Mr. Colmenares Mena previously worked for Migar Corporation and Alberto Elias from on or about March 9, 2012 until on or about April 4, 2015.

During this period, you failed to pay Mr. Colmenares Mena the applicable Florida minimum wage, as he worked for you as a sandwich preparer and kitchen staff member for an average of 58 hours per week, and was paid an average of $7.41 per hour for his work. Your failure to pay the applicable Florida minimum wage constitutes a minimum wage violation pursuant to the Fair Labor Standards Act and the Florida Constitution.

Pursuant to the Florida Constitution, the Florida minimum wage on January 1, 2012, the Florida minimum wage was $7.67/hr.   On January 1, 2013, the Florida minimum wage was increased to $7.79/hr.   On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr.

The period of time for which Mr. Colmenares Mena claims his Florida minimum wage is detailed above.  He is also proceeding with his claims under the Fair Labor Standards Act for nonpayment of federal overtime pay. The below calculation does not include damages for said claims for federal overtime owed to Mr. Colmenares Mena for the same period of time for which he claims his Florida minimum wages.

1 of 3

EXHIBIT "1"

The total amount of Florida minimum wages owed to Mr. Colmenares Mena for the periods specified below is **$3,830.32**.  Pursuant to Florida Statute §448.110 you have fifteen (15) days from receipt of this letter to pay this amount to Mr. Colmenares Mena.

Period Claimed: 03/09/2012 – 12/31/2012
    Weeks:  42 (rounded down)
    Hours (worked per week):  58
    Minimum wage:  $7.67/hr
    Wage paid:  $7.41/hr
    Wage owed:  $0.26/hr
    Amount owed:  $0.26/hr  x  58 hrs/week  x  42 weeks  =  $633.36.

Period Claimed: 1/01/2013 – 12/31/2013
    Weeks:  52
    Hours (worked per week):  58
    Minimum wage:  $7.79/hr
    Wage paid:  $7.41/hr
    Wage owed:  $0.38/hr
    Amount owed:  $0.38/hr  x  58 hrs/week  x  52 weeks  =  $1,146.08.

Period Claimed: 1/01/2014 – 12/31/2014
    Weeks:  52 (rounded down)
    Hours (worked per week):  58
    Minimum wage:  $7.93/hr
    Wage paid:  $7.41/hr
    Wage owed:  $0.52 /hr
    Amount owed:  $0.52/hr  x  58 hrs/week  x  52 weeks  =  $1,568.32.

Period Claimed: 1/01/2015 – 04/04/2015
    Weeks:  13 (rounded down)
    Hours (worked per week):  58
    Minimum wage:  $8.05 /hr
    Wage paid:  $7.41/hr
    Wage owed:  $0.64 /hr
    Amount owed:  $0.64/hr  x  58 hrs/week  x  13 weeks  =  $482.56.

[continued on the following page]

Should you wish to resolve the Florida Minimum Wage portion of this claim for any or all of the individual claimants, **please feel free to contact J.H. Zidell, Esq. at (305) 865-6766.** Resolution of the Florida State Minimum Wage claim is not to be construed and will not affect the resolution of any federal overtime wages owed under the Fair Labor Standards Act.

Sincerely,

Elizabeth O. Hueber, Esq.
For the Firm
J.H. Zidell, P.A.

From: Julia Garrett < jgarrett.jhzidellpa@gmail.com>
To: humcanj < humcanj@aol.com>
Sent: Thu, Jul 2, 2015 1:54 pm
Subject: CONFIDENTIAL SETTLEMENT COMMUNICATION - Colmenares Mena v.
Migar Corporation, 15-22324-civ-LENARD

CONFIDENTIAL SETTLEMENT COMMUNICATION

Humberto,

It was a pleasure speaking on the phone with you earlier today.

Plaintiff's total minimum wage and overtime claim is over $30,000. I took a look at his
check stubs and some of the notes we have in his file, which supports the demand
amount.

At this juncture, we would expect Defendants to make an offer north of $27,500,
inclusive of fees and costs.

Looking forward to hearing from you.

Sincerely,

Julia

Julia M. Garrett, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
Phone: (305) 865-6766
Fax: (305) 865-7167

Email: jgarrett.jhzidellpa@gmail.com

EXHIBIT " 2 "

-----Original Message-----
From: Humberto Cancio, Jr. <humcanj@aol.com>
To: jgarrett.jhzidellpa <jgarrett.jhzidellpa@gmail.com>
Sent: Thu, Jul 2, 2015 2:00 pm
Subject: Re: CONFIDENTIAL SETTLEMENT COMMUNICATION - Colmenares Mena v. Migar
Corporation, 15-22324-civ-LENARD

You need to let me see your calculations because I can't see that. At this point based on the hours
discussed in your Notice, it makes no sense.

EXHIBIT " 3 "

From: Julia Garrett <jgarrett.jhzidellpa@gmail.com>
To: Humberto Cancio, Jr. < humcanj@aol.com>
Sent: Thu, Jul 2, 2015 7:39 pm
Subject: Re: CONFIDENTIAL SETTLEMENT COMMUNICATION - Colmenares Mena v. Migar
Corporation, 15-22324-civ-LENARD

Humberto,

I attach my draft of the Plaintiff's Statement of Claim that shows my calculations.

Thanks,

Julia


Julia M. Garrett, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
Phone: (305) 865-6766
Fax: (305) 865-7167

Email: jgarrett.jhzidellpa@gmail.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-22324-CIV-LENARD

HEDUWAR DALI COLMENARES MENA, aka )
HEDUWAR D. COLMENARES, *and all others* )
*similarly situated under 29 U.S.C. § 216(b)*, )
                                  )
            Plaintiff, )
     vs. )
                                    )
MIGAR CORPORATION, d/b/a LUIS )
GALINDO LATIN AMERICAN #2 and )
ALBERTO ELIAS )
                                    )
           Defendants. )
_____ )

## PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW** Plaintiff, by and through undersigned counsel, pursuant to Court Order entered on June 19, 2015 [DE 5], and hereby files Plaintiff's statement of claim, and states as follows:

## A.   HALF-TIME OVERTIME CLAIM APPLYING FL MINIMUM WAGE RATES:

Period Claimed: 03/09/2012 – 12/31/2012
    Weeks:  42 (rounded down)
    Hours (worked per week):  58
    Hours over 40 (worked per week): 18
    Applicable Florida hourly minimum wage: $7.67/hr.
    Applicable half-time overtime rate: $3.83/hr.
    Half-time overtime wage paid:  $0.00/hr.
    Half-time overtime wage owed: $3.83/hr.
    Calculation of overtime wages owed:  $3.83/hr. x 18 hrs/week x 42 weeks = $2,895.48.

Period Claimed: 1/01/2013 – 12/31/2013
    Weeks:  52
    Hours (worked per week):  58
    Hours over 40 (worked per week): 18
    Applicable Florida hourly minimum wage: $7.79/hr.
    Applicable half-time overtime rate: $3.89/hr.
    Half-time overtime wage paid:  $0.00/hr.
    Half-time overtime wage owed: $3.89/hr.
    Calculation of overtime wages owed:  $3.89/hr. x 18 hrs/week x 52 weeks = $3,641.04.

EXHIBIT "5"

Period Claimed: 1/01/2014 – 12/31/2014
    Weeks:  52
    Hours (worked per week):  58
    Hours over 40 (worked per week):  18
    Applicable Florida hourly minimum wage:  $7.93/hr.
    Applicable half-time overtime rate: $3.96/hr.
    Half-time overtime wage paid:  $0.00/hr.
    Half-time overtime wage owed: $3.96/hr.
    Calculation of overtime wages owed:  $3.96/hr. x 18 hrs/week x 52 weeks  =  $3,706.56.

Period Claimed: 1/01/2015 – 04/04/2015
    Weeks:  13 (rounded down)
    Hours (worked per week):  58
    Hours over 40 (worked per week):  18
    Applicable Florida hourly minimum wage:  $8.05/hr.
    Applicable half-time overtime rate: $4.02/hr.
    Half-time overtime wage paid:  $0.00/hr.
    Half-time overtime wage owed: $4.02/hr.
    Calculation of overtime wages owed:  $4.02/hr. x 18 hrs/week x 13 weeks  =  $940.68.

Total unpaid overtime wages for period = $11,183.76

**Doubled for liquidated damages  =  $22,367.52**


**B.**   **HALF-TIME OVERTIME CLAIM WITH HOURLY WAGE PAID:**
**Note:** Hourly rate does not change because, using Federal min. wages, there was no violation
(client paid $7.41/hr, applicable Fed. min wages were $7.25 for all years).

Period Claimed: 3/09/2012 – 4/04/2015
    Weeks:  160 (rounded down)
    Hours (worked per week):  58
    Hours over 40 (worked per week:  18
    Hourly wage paid: $7.41/hr
    Applicable half-time overtime rate: $3.70/hr.
    Half-time overtime wage paid:  $0.00/hr.
    Half-time overtime wage owed: $3.70/hr.
    Calculation of overtime wages owed:  $3.70/hr. x 18 hrs/week x 160 weeks  =  $10,656.00.

**Doubled for liquidated damages  =  $21,312.00**

C.  **FL MINIMUM WAGE CLAIM:**

Period Claimed: 03/09/2012 – 12/31/2012
    Weeks:  42 (rounded down)
    Hours (worked per week):  58
    Minimum wage:  $7.67/hr
    Wage paid:  $7.41/hr
    Wage owed:  $0.26/hr
    Amount owed:  $0.26/hr  x  58 hrs/week  x  42 weeks  =  $633.36.

Period Claimed: 1/01/2013 – 12/31/2013
    Weeks:  52
    Hours (worked per week):  58
    Minimum wage:  $7.79/hr
    Wage paid:  $7.41/hr
    Wage owed:  $0.38/hr
    Amount owed:  $0.38/hr  x  58 hrs/week  x  52 weeks  =  $1,146.08

Period Claimed: 1/01/2014 – 12/31/2014
    Weeks:  52 (rounded down)
    Hours (worked per week):  58
    Minimum wage:  $7.93/hr
    Wage paid:  $7.41/hr
    Wage owed:  $0.52 /hr
    Amount owed:  $0.52/hr  x  58 hrs/week  x  52 weeks  =  $1,568.32

Period Claimed: 1/01/2015 – 04/04/2015
    Weeks:  13 (rounded down)
    Hours (worked per week):  58
    Minimum wage:  $8.05 /hr
    Wage paid:  $7.41/hr
    Wage owed:  $0.64 /hr
    Amount owed:  $0.64/hr  x  58 hrs/week  x  13 weeks  =  $482.56

Total unpaid Florida minimum wages for period = $3,830.32.

**Doubled for liquidated damages = $7,660.64**

**TOTAL CLAIM ( A. + C. )  =  $30,028.16**

On Fri, Jul 17, 2015 at 9:28 AM, Humberto Cancio, Jr. <humcanj@aol.com> wrote:
This will confirm our settlement of the above captioned case. As follows:

1.   My client will pay your client and your office an undifferentiated and all inclusive $25,000.00 for all claims of any nature that he may have against Migar and Mr. Elias individually.
2.   You will prepare the documentation which shall include releases for Migar and Mr. Elias. It will be confirmed by signature by both parties within a calendar week. It can be sent back by scan with original to follow. The money will be paid within one calendar week thereafter.
3.   Litigation is finished.


Humberto Cancio, Jr., Esq.
2250 South West 3rd Avenue
Suite 303
Miami, Florida 33129
Tel: (305) 297-0510

Fax: (305) 854-5324

EXHIBIT " 6 "

From: Julia Garrett <jgarrett.jhzidellpa@gmail.com>
To: Humberto Cancio, Jr. <humcanj@aol.com>
Sent: Fri, Jul 17, 2015 5:33 pm
Subject: Re: CONFIDENTIAL SETTLEMENT COMMUNICATION - Colmenares Mena v. Migar Corporation, 15-22324-civ-LENARD

The Plaintiff does not agree that the terms below accurately reflects his demand.  I will call you this Monday to discuss this matter further.


Julia M. Garrett, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
Phone: (305) 865-6766
Fax: (305) 865-7167

Email: jgarrett.jhzidellpa@gmail.com



EXHIBIT " 7 "

-----Original Message-----
From: Julia M. Garrett <jgarrett.jhzidellpa@gmail.com>
To: Humberto Cancio, Jr. <humcanj@aol.com>
Sent: Tue, Jul 21, 2015 7:52 pm
Subject: Re: CONFIDENTIAL SETTLEMENT COMMUNICATION - Colmenares Mena v. Migar Corporation, 15-22324-civ-LENARD

Hi Humberto,

Thanks for speaking with me on the phone today. To recap our last conversation, after accepting the settlement Defendants offered, our client changed his mind and instructed us to halt and cancel any further actions. We will, at least, be filing a motion to withdraw our representation tomorrow. We will also request that the court give the Plaintiff time to find another attorney and to refrain from entering a default against defendants during that period.

Julia

EXHIBIT " 8 "

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-22324-CIV-LENARD

HEDUWAR DALI COLMENARES MENA, aka )
HEDUWAR D. COLMENARES, *and all others* )
*similarly situated under 29 U.S.C. § 216(b)*, )
                                       )
          Plaintiff, )
    vs. )
                                         )
MIGAR CORPORATION, d/b/a LUIS )
GALINDO LATIN AMERICAN #2 and )
ALBERTO ELIAS )
                                         )
          Defendants. )
_____ )

## PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW** Plaintiff, by and through undersigned counsel, pursuant to Court Order

entered on June 19, 2015 [DE 5], and hereby files Plaintiff's statement of claim, and states as

follows:

### A.   HALF-TIME OVERTIME  CLAIM APPLYING FL MINIMUM WAGE RATES:

Period Claimed: 03/09/2012 – 12/31/2012
    Weeks:  42 (rounded down)
    Hours (worked per week):  58
    Hours over 40 (worked per week): 18
    Applicable Florida hourly minimum wage:  $7.67/hr.
    Applicable half-time overtime rate: $3.83/hr.
    Half-time overtime wage paid:  $0.00/hr.
    Half-time overtime wage owed: $3.83/hr.
    Calculation of overtime wages owed:  $3.83/hr. x 18 hrs/week x 42 weeks  = $2,895.48.

Period Claimed: 1/01/2013 – 12/31/2013
    Weeks:  52
    Hours (worked per week):  58
    Hours over 40 (worked per week): 18
    Applicable Florida hourly minimum wage:  $7.79/hr.
    Applicable half-time overtime rate: $3.89/hr.
    Half-time overtime wage paid:  $0.00/hr.
    Half-time overtime wage owed: $3.89/hr.
    Calculation of overtime wages owed:  $3.89/hr. x 18 hrs/week x 52 weeks  = $3,641.04.

EXHIBIT " 2

Period Claimed: 1/01/2014 – 12/31/2014
    Weeks: 52
    Hours (worked per week): 58
    Hours over 40 (worked per week): 18
    Applicable Florida hourly minimum wage: $7.93/hr.
    Applicable half-time overtime rate: $3.96/hr.
    Half-time overtime wage paid: $0.00/hr.
    Half-time overtime wage owed: $3.96/hr.
    Calculation of overtime wages owed: $3.96/hr. x 18 hrs/week x 52 weeks = $3,706.56.

Period Claimed: 1/01/2015 – 04/04/2015
    Weeks: 13 (rounded down)
    Hours (worked per week): 58
    Hours over 40 (worked per week): 18
    Applicable Florida hourly minimum wage: $8.05/hr.
    Applicable half-time overtime rate: $4.02/hr.
    Half-time overtime wage paid: $0.00/hr.
    Half-time overtime wage owed: $4.02/hr.
    Calculation of overtime wages owed: $4.02/hr. x 18 hrs/week x 13 weeks = $940.68.

Total unpaid overtime wages for period = $11,183.76

**Doubled for liquidated damages = $22,367.52**

**B.   HALF-TIME OVERTIME CLAIM WITH HOURLY WAGE PAID:**
**Note:** Hourly rate does not change because, using Federal min. wages, there was no violation (client paid $7.41/hr, applicable Fed. min wages were $7.25 for all years).

Period Claimed: 3/09/2012 – 4/04/2015
    Weeks: 160 (rounded down)
    Hours (worked per week): 58
    Hours over 40 (worked per week: 18
    Hourly wage paid: $7.41/hr
    Applicable half-time overtime rate: $3.70/hr.
    Half-time overtime wage paid: $0.00/hr.
    Half-time overtime wage owed: $3.70/hr.
    Calculation of overtime wages owed: $3.70/hr. x 18 hrs/week x 160 weeks = $10,656.00.

**Doubled for liquidated damages = $21,312.00**

## C.   FL MINIMUM WAGE CLAIM:

Period Claimed: 03/09/2012 – 12/31/2012
   Weeks: 42 (rounded down)
   Hours (worked per week): 58
   Minimum wage: $7.67/hr
   Wage paid: $7.41/hr
   Wage owed: $0.26/hr
   Amount owed: $0.26/hr x 58 hrs/week x 42 weeks = $633.36.

Period Claimed: 1/01/2013 – 12/31/2013
   Weeks: 52
   Hours (worked per week): 58
   Minimum wage: $7.79/hr
   Wage paid: $7.41/hr
   Wage owed: $0.38/hr
   Amount owed: $0.38/hr x 58 hrs/week x 52 weeks = $1,146.08

Period Claimed: 1/01/2014 – 12/31/2014
   Weeks: 52 (rounded down)
   Hours (worked per week): 58
   Minimum wage: $7.93/hr
   Wage paid: $7.41/hr
   Wage owed: $0.52 /hr
   Amount owed: $0.52/hr x 58 hrs/week x 52 weeks = $1,568.32

Period Claimed: 1/01/2015 – 04/04/2015
   Weeks: 13 (rounded down)
   Hours (worked per week): 58
   Minimum wage: $8.05 /hr
   Wage paid: $7.41/hr
   Wage owed: $0.64 /hr
   Amount owed: $0.64/hr x 58 hrs/week x 13 weeks = $482.56

Total unpaid Florida minimum wages for period = $3,830.32.

**Doubled for liquidated damages = $7,660.64**

**TOTAL CLAIM ( A. + C. )  =  $30,028.16**

-----Original Message-----
From: Julia M. Garrett <jgarrett.jhzidellpa@gmail.com>
To: Humberto Cancio, Jr. <humcanj@aol.com>
Sent: Tue, Jul 21, 2015 7:52 pm
Subject: Re: CONFIDENTIAL SETTLEMENT COMMUNICATION - Colmenares Mena v. Migar
Corporation, 15-22324-civ-LENARD

Hi Humberto,

Thanks for speaking with me on the phone today. To recap our last conversation, after
accepting the settlement Defendants offered, our client changed his mind and instructed us
to halt and cancel any further actions. We will, at least, be filing a motion to withdraw our
representation tomorrow. We will also request that the court give the Plaintiff time to find
another attorney and to refrain from entering a default against defendants during that period.


Julia


EXHIBIT "C"