UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-22324-CIV-LENARD/GOODMAN

HEDUWAR DALI COLMENARES
MENA,

    Plaintiff,

v.

MIGAR CORPORATION, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO ENFORCE SETTLEMENT

Defendants claim that Plaintiff, through former counsel, entered into an enforceable settlement agreement in this Fair Labor Standards Act ("FLSA") case and then reneged on that enforceable agreement. [ECF No. 26]. Defendants thus seek to enforce this alleged settlement agreement. [*Id.*]. For the following reasons, Defendants' motion [*Id.*] to enforce settlement agreement is **DENIED**.[1]

---

[1] In accordance with the parties' consent [ECF No. 29], District Judge Joan A. Lenard referred to the Undersigned for a final Order, "Motions concerning Discovery, Motions for Costs, Motions for Attorney's Fees, and **all other Pre-Trial Motions**, excluding, Motions for Sanctions or Contempt, Motions to Dismiss or for Judgment on the Pleadings; Motions to Certify or Decertify Class, Motions for Preliminary Injunctions, Motions for Summary Judgment, and Motions to Remand" [ECF No. 31]. (emphasis supplied). Accordingly, the Undersigned is entering an Order, rather than a Report and Recommendations.

In general, the minimum wage and overtime provisions of the FLSA[2] are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and **the court enters an order approving the fairness** of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946) (emphasis supplied).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

---

[2]   29 U.S.C. § 201 *et seq.*

The District Court never approved an alleged settlement for fairness pursuant to *Lynn's Foods*. Accordingly, there is no enforceable settlement agreement and Defendants' motion is **DENIED**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, September 28, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
The Honorable Joan A. Lenard
All counsel of record