UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-22324-JAL

**HEDUWAR DALI COLMENARES MENA,**

    Plaintiff,
v.

**MIGAR CORP.,** *et. al.,*

    Defendants.
_____/

### MOTION FOR APPROVAL OF SETTLEMENT AND REQUEST FOR ATTORNEYS' FEES AND COSTS AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, **HEDUWAR DALI COLMENARES MENA** ("Plaintiff"), by and through undersigned counsel, hereby moves for Court approval of the mutually-agreed upon terms and conditions of a settlement between Defendants and Plaintiff of the wage and hour claim under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.* announced during the course of a Settlement Conference before the Honorable Magistrate Judge Jonathan Goodman.

### MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND DISMISSAL OF ACTION

1. Plaintiff filed a lawsuit against the Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") for unpaid wages.

2. To avoid the costs associated with continued litigation, and after detailed negotiations during the course of a settlement conference before the Honorable Magistrate Judge Jonathan Goodman, the parties reached a complete settlement of the claims asserted in Plaintiff's Complaint.

3. In accordance with *Lynne's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), Plaintiff seeks Court approval of the settlement of the FLSA claims.

4. The terms of the agreement are as follows: approval of the settlement reached during the course of the settlement conference which constituted payment of unpaid wages and liquidated damages, with all reasonable attorneys' fees and costs to be provided to the Court by Plaintiff's current and former counsel.

5. Prior to filing this Motion, Plaintiff's counsel conferred with counsel for Defendants via electronic mail on the relief requested. Defendants oppose the attorneys' fee and cost requests stated herein.

**WHEREFORE**, Plaintiff[1] now moves for court approval of the settlement and for the entry of the proposed Order being submitted contemporaneous with this Motion, which Plaintiff respectfully requests the settlement be approved, the request for attorneys' fees and costs be approved, and the case be dismissed with prejudice with the Court to enforce the terms of the settlement.

## MEMORANDUM OF LAW

### I. THE SETTLEMENT BETWEEN THE PARTIES IS A FAIR RESOLUTION OF PLAINTIFF'S CLAIMS

There are two ways that FLSA claims may be settled, compromised, or released by an employee. *Lynne's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which *does* apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an

---

[1] J.H. Zidell P.A. and Counsel JH Zidell, Esq., Elizabeth Hueber, Esq., and Julia Garrett, Esq. were discharged by the Plaintiff and, therefore, have no position as to the fairness of the settlement reached by Plaintiff's new Counsel and the Defendants. J.H. Zidell P.A.'s *sole* request in this motion is that the Court determine a reasonable amount of fees and costs based on quantum meruit as detailed in the Fee and cost ledger attached as exhibit. "A" to this motion.

> adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FtM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).

When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair")(citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *See also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); *Tobar v. Khan*, No. 6:10–cv–239–Orl–22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), adopted at 2011 WL 397898 ("Settlement in the amount of $850 to Plaintiff for unpaid wages and liquidated damages, and $1400 for attorney's fees and costs is a fair and reasonable settlement" where there were disputed issues).

The settlement here is the negotiated result of an adversarial proceeding and settlement conference, which itself is an indication of its fairness. In *Lynn's Food Stores,* Judge Goldberg, sitting on the Eleventh Circuit by designation, noted that the initiation of the action by the

3

employees provides some assurance of an adversarial context. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. 679 F.2d at 1354.

Upon agreement between the Parties, Plaintiff's counsel's attorney's fees and costs (both current and prior) will be submitted to the Court.  This request is separate and apart from the amount paid by the Defendants to Plaintiff for his claim.  As such, the amount claimed for Plaintiff's attorney's fees and costs will not compromise Plaintiff's recovery.

The parties have been represented by counsel experienced in FLSA litigation at all times. Further, the settlement was a product of negotiations during the course of a settlement conference before the Honorable Magistrate Judge Jonathan Goodman. Counsel have zealously represented their clients' respective interests, and have negotiated a settlement that is acceptable to Plaintiff and Defendants.

## II. PLAINTIFF SHOULD BE AWARDED COSTS INCURRED DURING THE COURSE OF LITIGATION IN THIS MATTER AS THE PREVAILING PARTY

29 U.S.C. 216(b) makes an award of costs mandatory for a prevailing Plaintiff in an FLSA case.  In *EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000) the Court held that costs that are authorized by Statute may be awarded.  Here, Plaintiff contends that all of costs as outlined below should be awarded pursuant to 29 U.S.C. Section 216(B) and the Final Order because all costs were incurred as a result of litigating this claim.  Further, a "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Accordingly, "[a]n enforceable judgment establishes a plaintiff as a prevailing party because the plaintiff has

received at least some relief based upon the merits of a claim." *Id*. Specifically, Plaintiff seeks to recover his reasonable costs as the prevailing Party in this matter and in accordance with the Final Order in this Arbitration. The Tribunal should award Plaintiff's counsel (Jason S. Remer, Esq. and Brody M Shulman, Esq.) the costs incurred in prosecuting the matter in the total amount of $225.00. J.H. Zidell P.A. should be awarded the $400 filing fee and $80 costs for service of 2 summons on the Defendants as detailed in the ledger attached as "A".

III. **THIS COURT SHOULD AWARD PLAINTIFF REASONABLE ATTORNEYS' FEES INCURRED**

The Fair Labor Standards Act of 1938, as amended, 29 U.S.C.S. § 216(b) states that the court shall, in addition to any judgment awarded to the Plaintiff, allow a reasonable attorney fee to be paid by the Defendants, and costs of the action. It is well-settled that the FLSA's language mandates that prevailing parties under the FLSA recover attorney's fees and costs. *See Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *67 (D.S.D. Mar. 12, 2010). In fact, "attorney fees are an integral part of the merits of FLSA cases," *Shelton v. M.P. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987), and, as courts repeatedly explain, the ability of FLSA Plaintiffs to recover a reasonable attorney's fee is crucial to the statute's enforcement scheme, *see, e.g., Fegley*, 19 F.3d at 1134-35 (the "purpose of the FLSA attorney fees provision is 'to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances,'" and, furthermore, "an award of attorney fees here 'encourages the vindication of congressionally identified policies and rights'"); *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co*., 732 F.2d 495, 502 (6th Cir. 1984) (FLSA attorney's fee analysis "must reflect the obvious congressional intent that the policies enunciated in FLSA Section 2 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act"); *Maddrix v. Dize, 153* F.2d

5

274, 275-76 (4th Cir. 1946) ("Obviously Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs."); *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-recovery provision is "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements"); *Mezger v. Price CPAs, PLLC*, 2008 U.S. Dist. LEXIS 55311, *12-13 (M.D. Tenn. Jul. 21, 2008) (same as *Fegley*); *see also Heder v. City of Two Rivers*, 255 F.Supp.2d 947, 952 (E.D. Wis. 2003) (FLSA's fee-recovery provision "exists to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA").

It is commonplace (and entirely consistent with the FLSA's legislative purpose) for FLSA attorney's fee awards to exceed the amount of the plaintiff's recovered unpaid wages. *See Rodriguez v. Demotion King, Inc., et. al.* case no.: 14-20991-CIV-O'Sullivan (S.D. Fla. June 30, 2015)(Court granting $59,232.00 in attorneys' fees in an FLSA case where Plaintiff covered $12,000.00, inclusive of liquidated damages); *Howe v. Hoffman-Curtis Partners Ltd*. 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."). For example, a federal court awarded $73,195.00 in attorney's fees even though the plaintiffs recovered only $18,495 in unpaid wages. *See Gonzalez v. Bustleton Servs.*, 2010 U.S. Dist. LEXIS 85153 (E.D. Pa. Aug. 10, 2010). Similar outcomes abound. *See, e.g., Fegley*, 19 F.3d at 1134-35 (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990)

(upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers*, 2010 U.S. Dist. LEXIS 23450, at *66-86 (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.*, 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder*, 255 F. Supp. 2d 947, 962 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.*, 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.*, 1991 U.S. Dist. LEXIS 5293 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50); *see also Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (affirming fee award despite the fact that plaintiffs recovered less than 4% of the damages sought).  Thus, the amount of attorneys' fees sought in this Motion falls is consistent with other fee awards.

**IV.   The Hourly Billing Rates Are Fair and Reasonable**

It is well settled that the calculation of reasonable attorneys' fees is achieved by determining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Hensley v. Eckhart*, 461 U.S. 424, 433-34 (1983).  This is known as the lodestar approach.  Generally, the reasonable number of hours expended is hours for which the court finds were reasonably spent in attaining the result for the client. *See Norman v. Hous. Author.Of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Fair Estimate of Amount Sought and Hours:

Plaintiff's counsel Jason S. Remer, Esq. litigated this matter in good faith for a total

amount of 8.2 hours and at a reasonable attorneys' fee of $400.00 an hour. Plaintiff's counsel Brody M. Shulman, Esq. litigated this matter in good faith for a total amount of 4.4 hours and at a reasonable attorneys' fee of $300.00 an hour. Together, Jason S. Remer, Esq. and Brody M. Shulman, Esq. seek an award of $4,600.00 in attorneys' fees. *See Composite Exhibit A*. Plaintiff's prior counsel J.H. Zidell, Esq. litigated this matter in good faith at a reasonable attorneys' fee of $390.00 an hour. Mr. Zidell has provided a detailed fee ledger outlining the $6,518.00[2] in attorneys' fees and costs. *See Composite Exhibit A*.

This results in a total amount due of attorney's fees and costs from Defendants of $11,663.00 for Plaintiff's former and current counsel. The timekeepers were the attorneys themselves. *See Composite Exhibit A*.

Terms of Agreement:

Plaintiff retained the law firm of J.H. Zidell, Esq. to litigate this suit. Plaintiff then retained the law firm of Remer & Georges-Pierre, PLLC to represent him in this matter. Mr. Jason S. Remer is a partner of the firm. Mr. Remer has practiced extensively in the area of labor and employment representing employees for sixteen years and regularly litigates FLSA matters for employees in Federal Court. Given the experience this attorney, Plaintiff submits that Mr. Remer's rate is fair and reasonable. Mr. Brody M. Shulman is a shareholder of the firm. Mr. Shulman has practiced in the area of labor and employment representing employees and regularly litigates FLSA matters for employees in Federal Court. Given the experience this attorney, Plaintiff submits that Mr. Shulman's rate is fair and reasonable.

---

[2] The costs total $480 which are comprised of a filing fee for $400 and $80 for service of process on 2 Defendants. Also, JH Zidell PA, using billing judgment, has *not* included 1.3 hours of time in its fee request revising and reviewing the instant fee motion which occurred on 11.11.15 and 11.12.15 respectively as well as a phone conference with Defendant's attorney on 11.09.15 and emails sent to Defendant's attorney and Plaintiff's current Counsel in relation to attempting to resolve the fee and cost issue before submitting it to the Court for a determination.

Courts in the Southern District of Florida have determined that an hourly rate of $400.00 for a partner such as Mr. Jason S. Remer with 16 years of experience on FLSA claims is reasonable for comparable attorneys within this jurisdiction. In *Phelps, et. al. v. International Art Galleries, et al*, case no.: 12-cv-22669-UU and *Tyre v. Strip, LLC, et. al.* case no: 13-cv-20812-CMA, PLAINTIFF' attorney Mr. Jason S. Remer was awarded attorneys' fees of $375.00 an hour. An hourly rate of $390.00 is reasonable for J.H. Zidell, Esq., practicing since 1994, with his years of experience on FLSA claims is reasonable for comparable attorneys within this jurisdiction. Likewise, Associate Julia Garrett, Esq. (practicing since 2013) at a rate of $225/hr. and Elizabeth Hueber, Esq. (practicing since 2009) at a rate of $290/hr. should be deemed reasonable as well.

Courts in the Southern District of Florida have determined that an hourly rate of $300.00 for an associate in a wage and hour case is a reasonable rate for a shareholder such as Mr. Brody M. Shulman within the jurisdiction. Moreover, this Honorable Court previously awarded Plaintiff's attorney Brody M. Shulman attorney's fees of $300.00 an hour in *Phelps, et. al. v. International Art Galleries, et al*, case no.: 12-cv-22669-UU; *Tyre v. Strip, LLC, et. al.* case no: 13-cv-20812-CMA; and *Muniz v El Rinconcite de Santa Barbara, Corp, et. al.* case no. 13-22472 (S.D. Fla. July 30, 2014)(Scola, J.). Accordingly, Mr. Shulman's hourly rate of $300.00 is within the familiar rates and reasonable.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(i) approve the terms and conditions of the settlement as agreed to during the course of the Settlement Conference before the Court;

(ii) approve the request for attorneys' fees and costs, specifically: $4,825.00 in total attorneys' fees and costs for Jason S. Remer, Esq. and Brody M. Shulman, Esq.; $6,518.00 in

attorneys' fees and costs for J.H. Zidell, Esq.;

(iii)    retain jurisdiction to enforce the terms of the parties' settlement should such enforcement be necessary.

A proposed Order accompanies this Motion.

DATED this ___ day of November, 2015.

Respectfully submitted,


_____
Jason S. Remer, Esq.
Brody M. Shulman, Esq.

**Remer & Georges-Pierre, PLLC**
44 West Flagler Street
Suite 2200
Miami, FL 33130
Tel: 305-416-5000
Fax: 305-416-5005
E-mail: jremer@rgpattorneys.com
E-mail: bshulman@rgpattorneys.com
*Counsel for Plaintiff*

Dated: November 12, 2015

        Respectfully submitted,

        **REMER & GEORGES-PIERRE, PLLC**
        Courthouse Tower
        44 West Flagler Street, Suite 2200
        Miami, FL 33130
        Telephone: (305)416-5000
        Facsimile: (305)416-5005

        By:**/s/ Brody M. Shulman**
           Jason S. Remer, Esq.

           Fla. Bar No.: 0165580
           Brody M. Shulman, Esq.
           Fla. Bar No.: 092044

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By:**/s/ Brody M. Shulman**
      Jason S. Remer, Esq.

      Fla. Bar No.: 0165580
      Brody M. Shulman, Esq.
      Fla. Bar No.: 092044

**SERVICE LIST:**

Pelayo M. Duran, Esq.
Florida Bar No.:
pduran@pelayoduran.com
aaugusto@pelayoduran.com
ariveron2000@aol.com

**Law Office of Pelayo Duran, PA**
4640 NW 7th Street
Miami, FL 33126
305-266-9780
305-269-8311 (fax)
Counsel for Defendants