UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 15-22324-CIV-GOODMAN**
**[CONSENT CASE]**

HEDUWAR DALI COLMENARES
MENA,

    Plaintiff,

v.

MIGAR CORPORATION, et al.,

    Defendants.
_____/

## ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

The Court held a fairness hearing on November 17, 2015, during which the Court heard from counsel regarding the fairness of the settlement of the plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA"). [ECF No. 43].

In general, the minimum wage and overtime provisions of the FLSA[1] are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; <u>or</u> (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed

---

[1] 29 U.S.C. § 201 *et seq.*

settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court considered the factors outlined in *Lynn's Food Stores*, and also considered the strengths of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strengths and weaknesses in the parties' respective cases, and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here [ECF Nos. 36; 41; 43][2] represents a genuine compromise of a bona fide dispute. The plaintiff has accepted less money than he claims to be owed while the defendants, who have denied liability, have agreed to

---

[2] The parties read the agreement into the record at the conclusion of the Settlement Conference [ECF No. 36] and confirmed the settlement during the fairness hearing before the Undersigned [ECF No. 43].

pay the plaintiff more than they believe he is due under the law. Both have agreed to settle as a result of reasonable strategic and financial considerations.

The Undersigned reviewed the plaintiff's counsel's billing records [ECF No. 41-2] and determined that the agreed costs incurred by both law firms are reasonable and fair, and shall be paid by Defendants who do not oppose this costs award.

Because of the unusual circumstances of this case concerning the plaintiff's change in counsel after an earlier settlement had allegedly been reached and subsequently reneged on by the plaintiff, the parties could not agree on the exact amount of attorneys' fees. The Undersigned reviewed the plaintiff's counsel's billing records. [ECF No. 41-2]. Upon review, the Undersigned finds that the plaintiff's present counsel, Remer & Georges-Pierre, PLLC, shall receive an award of $3,000.00 in attorney's fees. The plaintiff's prior counsel, J.H. Zidell, P.A., shall receive an award of $3,500.00 in attorney's fees. The Court finds the amounts reasonable.[3]

Concerning the fairness aspect of the fees for the plaintiff's counsel, the records show that both counsel are recovering less in attorney's fees than they actually incurred in this matter, based on their standard billing rates. The settlement is reasonable not just when viewed in light of the plaintiff's claims against defendants (and defendants'

---

[3] Counsel for FLSA plaintiffs frequently discount their fees in order to facilitate a settlement. In fact, virtually all of the FLSA settlements that I have been asked to review in the past five and a half years have involved payment to the plaintiff's counsel in an amount less than the actual fees incurred based on a strict lodestar approach.

defenses to those claims), but also in light of the amounts that the plaintiff and each of his counsel will receive.

The Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable, the settlement is **APPROVED**, the joint motion for settlement approval [ECF No. 41] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction to enforce the terms of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE** and deny all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, November 18, 2015.

<pre>
                                    _____
                                    Jonathan Goodman
                                    UNITED STATES MAGISTRATE JUDGE
</pre>

Copies furnished to:
All counsel of record